UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL E. ESPINOSA,
d/b/a Welsh Capital Thoroughbreds,

    Plaintiff,

v.                                                         Case No. 8:12-cv-02818-T-35AEP

UNITED STATES GOVERNMENT,
COMMONWEALTH OF KENTUCKY, and
LOUISVILLE METRO GOVERNMENT,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    Proceeding *pro se*, Plaintiff has filed a Complaint (Dkt. No. 1) and a variety of other motions, to specifically include a Motion to Proceed *in forma pauperis* (Dkt. No. 3). Essentially, Plaintiff contends in an incoherent, disjointed fashion that he is due damages in excess of $8,000,000.00 as a result of bodily injuries resulting from an accident at a crosswalk in Louisville, Kentucky. Additionally, Plaintiff appears to claim damages related to the loss of property, *i.e.* thoroughbred horses. Although it is not entirely clear, it appears based upon Plaintiff's pleadings the instant allegations have been pursued in other jurisdictions. *(See* Dkt. No. 6) (requesting the removal and transfer of cases filed in Kentucky). Nonetheless, Plaintiff asserts that the matter should be pursued in the Middle District of Florida due to health concerns.

    Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1) (2006). When an application to proceed *in forma pauperis* is filed, the Court

must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or it "lacks an arguable basis in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

Further, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed. Appx. 386, 387 (11th Cir. 2010) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as plead, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court holds *pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of

Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure.").

Pursuant to Rule 8, Federal Rules of Civil Procedure, a pleading must state a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought. Fed. R. Civ. P. 8(a). As noted above, Plaintiff has filed incoherent, rambling allegations pertaining to a purported incident(s) that occurred in Louisville, Kentucky. In short, Plaintiff has failed to allege a cognizable claim showing that he is entitled to relief in this forum or to demonstrate that his claims have a basis in law or fact. *See* Fed. R. Civ. P. 8(a); *see also* 28 U.S.C. § 1915(e)(2).

Accordingly, it is hereby **RECOMMENDED** that:

1) Plaintiff's Motion to proceed *in forma pauperis* (Dkt. No. 3) be **DENIED**; and

2) Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS SO REPORTED** in Tampa, Florida, on this 9th day of January, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:

Hon. Mary S. Scriven

Plaintiff, *Pro se*